IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD DILLIARD | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-CV-141 |
| | : | |
| COUNTY OF NORTHAMPTON, et al. | : : | |

**SURRICK, J.**                                                                                                          **AUGUST 22, 2005**

<u>**MEMORANDUM & ORDER**</u>

Presently before the Court is Plaintiff's Counsel's Motion To Withdraw (Doc. No. 13). For the following reasons, Plaintiff's Counsel's Motion to Withdraw will be granted and Plaintiff Donald Dilliard's Complaint will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**I.     BACKGROUND**

On December 9, 2004, Plaintiff filed a complaint in the Court of Common Pleas of Northampton County against the County of Northampton, the Northampton County Prison, and Steven Romig. *Dilliard v. County of Northampton*, Civ. A. No. C0048CV2004-8884 (Pa. Ct. Com. Pl. filed Dec. 9, 2004). On January 12, 2005, Defendants filed a notice of removal on the basis of federal question jurisdiction. (Doc. No. 1.)

On May 4, 2005, an Order was entered scheduling an Initial Pretrial Conference for July 6, 2005. On June 30, 2005, Plaintiff's counsel filed the instant Motion. In the Motion, counsel allege that Plaintiff was notified that his deposition was scheduled for June 21, 2005, but that Plaintiff failed to appear for the deposition, and that Plaintiff has failed to cooperate with

1

counsel.[1]  At the Initial Pretrial Conference, counsel's Motion was discussed as well as the scheduling of the matter for trial.  At the conclusion of the conference, a Scheduling Order was entered directing that all discovery be completed by October 7, 2005, and scheduling this matter for trial on December 14, 2005.  In addition, a separate Order was entered addressing counsel's problems with Plaintiff.  That Order provided as follows:

> AND NOW, this 7th day of July, 2005, after conference with counsel, it is ORDERED as follows:
> 1. The deposition of Plaintiff, Donald Dilliard, shall be conducted within thirty (30) days from the date hereof.  Counsel shall agree upon a mutually convenient time and place for the deposition.
> 2. It shall be the responsibility of Plaintiff's counsel to determine the whereabouts of Plaintiff and to ensure that Plaintiff appears at the designated time and place for the deposition.
> 3. If counsel for Plaintiff cannot locate Plaintiff so that the deposition can be held in compliance with this Order, counsel shall submit an affidavit to the Court setting forth the steps taken and efforts made by counsel to locate Plaintiff.
> 4. If the whereabouts of Plaintiff cannot be determined or if Plaintiff is located but does not appear for the scheduled deposition, the Petition to Withdraw as Counsel (Doc. No. 13) filed by Gary N. Asteak, Esquire and Christopher M. Shipman, Esquire will be granted and Plaintiff's Complaint will be dismissed with prejudice.
> 5. If Plaintiff appears for his scheduled deposition, the Scheduling Order entered this date, as a result of the Initial Pretrial Conference held on July 6, 2005, will have full force and effect.

(Doc. No. 16.)

After the Initial Pretrial Conference, counsel located Plaintiff and Plaintiff's deposition

---

[1] Counsel allege that they believe that Plaintiff may have been in the custody of the Allentown Police Department on or about the time of the deposition.  (Doc. No. 13 ¶ 9.)

was scheduled for August 3, 2005.  Plaintiff actually met with his counsel to prepare for the deposition.  However, Plaintiff again failed to appear for his deposition.  On August 9, 2005, an attorney for Plaintiff submitted the following Affidavit of Attempt to Locate:

> AND NOW, Comes Christopher M. Shipman, Esquire, Attorney for Plaintiff, Donald Dilliard, and swears and affirms as follows:
> 1. On or about July 20, 2005, Counsel for the Plaintiff learned that the Plaintiff was residing in the Safe Harbor Shelter, 536 Bushkill Drive, Easton, PA 18042, from Ryan Gingrich, the Probation Officer for the Plaintiff in Lehigh County, Pa.
> 2. On or about July 20, 2005, Counsel for the Plaintiff called the Safe Harbor Shelter and confirmed that the Plaintiff, Donald Dilliard, was in fact residing there.
> 3. On July 20, 2005, Counsel for the Petitioner forwarded correspondence to the Plaintiff, Donald Dilliard informing him of the date and time of his deposition on August 3, 2005, and further informing the Plaintiff that if he did not appear that his case would be dismissed without further notice.  A copy of the letter forwarded to the Plaintiff, Donald Dilliard, on July 20, 2005, is attached hereto, made a part hereof, and marked Exhibit "A".
> 4. On August 1, 2005, in response to the aforementioned correspondence, Counsel for the Plaintiff met with the Plaintiff in his office for the purpose of preparing for the deposition on August 3, 2005.  At the time that Counsel met with the Plaintiff, Counsel informed Mr. Dilliard if he did not appear for the deposition that his case would be dismissed without further notice.
> 5. On August 3, 2005, Counsel for the Plaintiff appeared at the Law Offices of Marshall, Dennehy, Warner, Coleman & Goggin, located at 620 Freedom Business Center, Suite 300, King of Prussia, Pennsylvania, for the deposition.
> 6. On August 3, 2005, Counsel for the Plaintiff received a telephone call from his office because the Plaintiff had telephoned his office and stated that he can not make the depositions because he did not have transportation.

(Doc. No. 17.)

## II.   LEGAL STANDARD

A court's authority to impose, *sua sponte*, a sanction of dismissal with prejudice comes

from two sources.  First, in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962), the Supreme Court held that district courts have the inherent power to dismiss a case for failure to prosecute a claim.[2]  "The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.*; *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("District court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice.").  Although the Third Circuit has stated that "'dismissal is a harsh remedy and should be resorted to only in extreme cases,'" *Mindek*, 964 F.2d at 1373 (quoting *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974)), it has found dismissal appropriate when parties "refuse to abide by prescribed rules of court" and "will not obey court orders."  *Id.* at 1375; *see also Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 691-96 (3d Cir. 1988) (affirming dismissal as a Rule 37 sanction for failing to comply with discovery orders over an extended period); *Marshall*, 492 F.2d at 918 (upholding dismissal for failure to prosecute as appropriate under Rule 41(b) and pursuant to the inherent power of the court).

Second, this Court is authorized by Federal Rule of Civil Procedure 16(f) to impose sanctions for a party's failure to comply with a court's scheduling or pretrial order.  Rule 16(f) states in pertinent part that "[i]f a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto

---

[2]A court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b).  *Adams v. Trs. of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citing *Link*, 370 U.S. at 632).

as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Fed. R. Civ. P. 16(f). One of the sanctions permitted under Rule 37(b)(2) is dismissal of a case with prejudice. Fed. R. Civ. P. 37(b)(2)(C); *see also Ray v. Eyster* (*In re Orthopedic "Bone Screw" Prods. Liab. Litig.*), 132 F.3d 152, 154 n.2 (3d Cir. 1997) ("Rule 16(f), which provides sanctions for failure to comply with pretrial and scheduling orders of the court, incorporates the sanctions under Rule 37 by reference, including the Rule 37(b)(2)(C) provision for dismissal for failure to comply with discovery orders.").

In this Circuit, when determining whether it is appropriate to dismiss a case, a court must consider the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). *Mindek*, 964 F.2d at 1373. These *Poulis* factors are: "(1) the extent of the party's personal responsibility [for the rule violation(s)]; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness [by the party]; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis*, 747 F.2d at 868 (emphases omitted). The *Poulis* factors are not a "mechanical calculation" for deciding whether or not to dismiss a plaintiff's complaint, and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373. Rather, the decision whether or not to dismiss a claim under *Poulis* is a balancing test, *United States v. 68.94 Acres of Land*, 918 F.2d 389, 397 (3d Cir. 1990), that "must be made in the context of the district court's extended contact with the litigant." *Mindek*, 964 F.2d at 1373.

### III.    LEGAL ANALYSIS

In this case, the *Poulis* factors weigh heavily in favor of dismissal. Plaintiff is personally responsible for failing to appear at both of his scheduled depositions. "'[A] plaintiff must bear the responsibility of pursuing his claim and at a minimum he must be willing to participate in the discovery process.'" *Burns v. Glick*, 158 F.R.D. 354, 356 (3d Cir. 1994) (quoting *Richardson v. Cox*, Civ. A. No. 91-7830, 1993 U.S. Dist. LEXIS 16492, at *7 (E.D. Pa. Nov. 18, 1993)). We are aware of no compelling reason for Plaintiff's failure to appear at either noticed deposition. Even though Plaintiff's counsel expressly notified him that his Complaint would be dismissed if he failed to appear at the August 3, 2005, deposition, Plaintiff appears to have made little effort to comply with the Court's Order.[3]

Furthermore, Defendants have been prejudiced by Plaintiff's failure to appear. Evidence of prejudice to an opposing party bears "substantial weight in support of a dismissal or default judgment." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice includes conduct that hinders a party's ability to conduct discovery, to develop the factual record, and to prepare effectively for trial. *See, e.g., Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (concluding that "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial" under the *Poulis* test to warrant dismissal); *Adams v. Trs. of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874

---

[3]When imposing sanctions, due process requires that a plaintiff have adequate notice of the court's order to safeguard his constitutional rights. *Link*, 370 U.S. at 632. "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id.* Here, Plaintiff was notified on several occasions that his failure to appear at his noticed depositions would result in dismissal of his Complaint.

(3d Cir. 1994). Prejudice also encompasses unnecessary financial burdens imposed because of a plaintiff's misconduct. *Adams*, 29 F.3d at 874. Here, Plaintiff's failure to attend his depositions has prejudiced Defendants by hindering their ability to conduct discovery, to develop the factual record, and to prepare effectively for trial. It is difficult, if not impossible, for Defendants to mount a defense to Plaintiff's claims without being able to depose Plaintiff. Defendants have also been prejudiced because they have incurred additional and wholly unnecessary costs because of Plaintiff's failure to appear.

     Plaintiff's conduct also constitutes dilatory conduct. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness . . . ." *Adams*, 29 F.3d at 874. Despite warnings from his counsel, Plaintiff has failed to appear for two scheduled depositions without explanation. The first deposition was noticed for June 21, 2005. Even though counsel notified Plaintiff of the scheduled deposition, and informed him "of his obligation to be present for depositions," Plaintiff failed to appear.[4] (Doc. No. 13 ¶¶ 6-8.) On July 7, 2005, we ordered that the deposition of Plaintiff be conducted within thirty (30) days. (Doc. No. 16.) In that Order, we stated that "if Plaintiff is located but does not appear for the scheduled deposition, the Petition to Withdraw as Counsel (Doc. No. 13) filed by Gary N. Asteak, Esquire and Christopher M. Shipman, Esquire will be granted and Plaintiff's Complaint will be dismissed with prejudice." (Doc. No. 16.) Plaintiff's counsel located Plaintiff and notified him that his deposition was rescheduled for August 3, 2005. (Doc. No. 17 Ex. A.) In that letter, counsel informed Plaintiff that "[i]f you do not appear for this deposition your case will be dismissed with no further notice

---

[4] Counsel filed the instant Motion to Withdraw on June 30, 2005, in part because of Plaintiff's failure to either prepare for or appear at his deposition. (Doc. No. 13.)

to you. You will then forever lose your right to sue." (*Id.*) On August 1, 2005, Plaintiff's counsel prepared Dilliard for his August 3, 2005, deposition. (Doc. No. 17 ¶ 4.) During this meeting, "Counsel informed Mr. Dilliard if he did not appear for the deposition that his case would be dismissed without further notice." (*Id.*) Despite this warning, Plaintiff failed to appear at the scheduled deposition "because he did not have transportation."[5] (*Id.* ¶ 6.) Plaintiff's failure to appear for depositions after receiving adequate notice and his failure to pursue any protection from the Court establishes a pattern of dilatory conduct. *Adams*, 29 F.3d at 874-75. Plaintiff did not appear for his deposition on June 21, 2005. Then, despite being notified by counsel that the Court would dismiss his action if he failed to comply with its Order, Plaintiff failed to appear at his August 3, 2005, deposition. Such conduct will not be tolerated.

Finally, Plaintiff's unexplained conduct appears to be willful and in bad faith. *Poulis*, 747 F.2d at 868. "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. In considering whether the sanction of dismissal with prejudice is appropriate, the court must evaluate whether the party's actions qualifies as "'the type of willful or contumacious behavior'" that can be characterized as acting in "'flagrant bad faith.'" *Id.* (quoting *Scarborough*, 747 F.2d at 875). Failure to comply with a court's pretrial orders despite repeated warnings about the consequences of noncompliance is sufficient evidence of "flagrant bad faith" to warrant dismissal. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640-41, 643 (1976) (per curiam). Despite several opportunities, and in violation of our July 7, 2005,

---

[5]Any transportation problem certainly could have and should have been resolved with counsel in advance of the deposition.

Order, Plaintiff evidently decided that he did not want to be deposed.[6]  This conduct constitutes bad faith.

Before ordering a dismissal with prejudice, a court must consider the feasibility and effectiveness of alternative sanctions.  *Poulis*, 747 F.2d at 868; *Adams*, 29 F.3d at 876.  The Third Circuit has identified a number of alternative sanctions available to a court, including "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees . . . [or] the preclusion of claims or defenses . . . ."  *Titus v. Mercedes-Benz of N. Am.*, 695 F.2d 746, 759 n.6 (3d Cir. 1982).  No alternative sanction would be effective in this case.  Additional warnings or a reprimand will clearly serve no purpose, as Plaintiff has already ignored warnings from counsel and the Court regarding dismissal of his case.  Moreover, assessing fines, costs, or attorney's fees against Plaintiff would also be ineffective, and precluding certain claims would simply amount to dismissal of the Complaint.  Under the circumstances, dismissal is the only appropriate sanction.[7]

An appropriate Order follows.

---

[6]After arriving at the August 3, 2005 deposition, Plaintiff's attorney learned that Plaintiff did not have transportation to the deposition.  Obviously Plaintiff did not inform counsel of this transportation problem during the August 1, 2005, deposition preparation.

[7]Because the first five factors of the *Poulis* analysis weigh heavily in favor of dismissal, we need not review the merits of Plaintiff's claims.  Even if Plaintiff had a meritorious claim, the balance of the *Poulis* factors would weigh in favor of dismissal.  The potential meritoriousness of a plaintiff's claim alone cannot overcome the weight of the other five factors.  *See Ware*, 322 F.3d at 225, 226-27 (upholding a district court's dismissal with prejudice, even though the district court determined that the plaintiff's claim was potentially meritorious).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD DILLIARD | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-CV-141 |
| | : | |
| COUNTY OF NORTHAMPTON, et al. | : | |
| | : | |

### **ORDER**

AND NOW, this 22nd day of August, 2005, upon consideration of Plaintiff's Counsel's Motion To Withdraw (Doc. No. 13, No. 05-CV-141), it is ORDERED that the Motion is GRANTED. It is further ORDERED that Plaintiff Donald Dilliard's Complaint is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

BY THE COURT:


S:/R. Barclay Surrick, Judge